IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RENE ALEXANDER GONZALEZ-VALIENTE,

Petitioner,

v.

TODD BLANCHE, in his official capacity as Attorney General of the United States; DAVID VENTURELLA, in his official capacity as Acting Director, Immigration and Customs Enforcement; ROB JEFFREYS, in his official capacity as Director of the Nebraska Department of Correctional Services; and DEPARTMENT OF HOMELAND SECURITY,

Respondents.

**8:26CV600**

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Rene Alexander Gonzalez-Valiente's ("Gonzalez-Valiente") *pro se* Second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Request for Immediate Release (Filing No. 1). The Court denied Gonzalez-Valiente's first § 2241 petition on September 8, 2026 (Filing No. 5 in Case No. 26cv446).

In his current petition, Gonzalez-Valiente states that this "is not an attempt to relitigate the same incomplete filing." He offers a "fuller record" and revised arguments, but the thrust of his petition is the same. Reporting that he has a merits hearing in his immigration case on October 20, 2026, he seeks his immediate release while that case is pending. As in his first petition, Gonzalez-Valiente contends his ongoing detention violates his constitutional rights. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001).

Upon careful review, the Court again concludes it does not. *See*, *e.g.*, *Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Banyee v. Garland*, 115 F.4th 928, 931-33 (8th Cir. 2024)); *Maan v. Easterwood*, No. 4:26CV3027, 2026 WL 1006255, at *2 (D. Neb. Apr. 14, 2026); *Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *2-4 (D. Neb. Apr. 8, 2026). Put simply, the Court does not agree with Gonzalez-Valiente that his "detention no longer serves a valid civil purpose" in these circumstances and thus violates his substantive-due-process rights. And by his own statements Gonzalez-Valiente indicates that—so far at least—he is receiving the procedural process he is due.

For those reasons,

IT IS ORDERED:

1. Petitioner Rene Alexander Gonzalez-Valiente's Second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Request for Immediate Release (Filing No. 1) is denied.
2. This case is dismissed.
3. A separate judgment will issue.

Dated this 15th day of October 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge